| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number *(if known)*: _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | Chiaro Technology Limited (in Administration) |

| | |
| --- | --- |
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☒ Other  08502405 . Describe identifier  Company Registered No.

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

| | | |
| --- | --- | --- |
| 3. | **Name of foreign representative(s)** | Lindsay Hallam, Matthew Boyd Callaghan, and Oliver Wright |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Chiaro Technology Limited (in Administration) |

| | |
| --- | --- |
| 5. | **Nature of the foreign proceeding** |

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☒ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
| --- | --- |
| 6. | **Evidence of the foreign proceeding** |

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached. Notice of appointment of joint administrators, sealed and endorsed by the High Court of Justice, Business and Property Courts in Leeds

| | |
| --- | --- |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

Debtor  <u>Chiaro Technology Limited (in Administration)</u>          Case number *(if known)*_____
        Name

---

8. **Others entitled to notice**    Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

9. **Addresses**

| Country where the debtor has the center of its main interests: | Debtor's registered office: |
|---|---|
| England | 1 Brunswick Square |
| | Number      Street |
| | |
| | P.O. Box |
| | Bristol BS2 8PE |
| | City        State/Province/Region    ZIP/Postal Code |
| | England |
| | Country |

| Individual debtor's habitual residence: | Address of foreign representative(s): |
|---|---|
| | c/o FTI Consulting LLP |
| Number      Street | Number      Street |
| | 200 Aldersgate Street |
| P.O. Box | P.O. Box |
| | London EC1A 4HD |
| City    State/Province/Region    ZIP/Postal Code | City    State/Province/Region    ZIP/Postal Code |
| | England |
| Country | Country |

---

10. **Debtor's website** (URL)    _____

---

11. **Type of debtor**    *Check one:*

☑ Non-individual (*check one*):

☐ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☑ Other.  Specify: <u>private limited company with share capital</u>

☐ Individual

---

| Debtor | Chiaro Technology Limited (in Administration) | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

| 12. | **Why is venue proper in *this district*?** | Check one: |
|---|---|---|

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

| 13. | **Signature of foreign representative(s)** |
|---|---|

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Lindsay Hallam                    Lindsay Hallam
Signature of foreign representative         Printed name

Executed on   04/11/2025
              MM  / DD / YYYY

✖ _____     _____
Signature of foreign representative         Printed name

Executed on  _____
              MM  / DD / YYYY

| 14. | **Signature of attorney** |
|---|---|

✖ /s/ R. Craig Martin                    Date   04/11/2025
Signature of Attorney for foreign representative   MM   / DD / YYYY

R. Craig Martin
Printed name
DLA Piper LLP (US)
Firm name
1201 North Market Street, Suite 2100
Number        Street
Wilmington                              DE        19801
City                                    State     ZIP Code

(302) 468-5700                          craig.martin@us.dlapiper.com
Contact phone                           Email address

5032                                    DE
Bar number                              State

**<u>Exhibit A</u>**

**Appointment Documents**

Company No: 08502405

### Copy Board Resolution

of

### Chiaro Technology Limited

### (Company)

### Passed on 27 March 2025

At a meeting of the board of directors of the Company duly convened by video conference and held on 27 March 2025 at 9:30am, the following resolutions were duly passed:

1.1  it would be in the best interests of the Company and its creditors for administrators to be appointed to the Company;

1.2  administrators should be appointed to the Company;

1.3  Lindsay Hallam, Matthew Boyd Callaghan and Oliver Wright all of FTI Consulting LLP (the **proposed administrators**) be proposed as joint administrators of the Company and that, if appointed, the proposed administrators' functions should be exercised by any or all of the proposed administrators;

1.4  any director of the Company be authorised at the appropriate time to:

(a)  complete, and make the statutory declaration on the Notice of Intention to Appoint (**NoIA**); and

(b)  complete and sign such other documentation and take such other steps as may be required, to carry out the directors' intention to appoint the proposed administrators as administrators of the Company, including completing and making the statutory declaration on the Notice of Appointment (**NA**) in order to appoint the administrators and procuring that the appointment takes effect;

1.5  DLA Piper be authorised to:

(a)  notify HSBC UK Bank PLC, of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ and HSBC Invoice Finance (UK) Limited, of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ (**Security Holders**) of the directors' intention to appoint the proposed administrators as administrators of the Company by serving the NoIA on them;

(b)  file the NoIA with the court on the directors' behalf, along with a copy of these resolutions; and

(c)  effect service of the NoIA upon the Company by first class post to its registered office and by email addressed to Seth Johnson at seth.johnson@ipgl.london who is authorised to accept service by e-mail on behalf of the Company and who has confirmed that there were no specified formats in which the documents should be sent or any relevant maximum size of attachments that may be received such that would prevent receipt by him of the Notice of Intention or accompanying documents;

1.6  after:

(a)  a period of five business days elapsing from the NoIA being deemed served on the Security Holders without any of the Security Holders appointing its own preferred administrators or administrative receivers of the Company; or

(b)     the Security Holders providing written consent to the making of the proposed appointment; and

(c)     DLA Piper confirming that a search of the Central Index of winding-up petitions has revealed no outstanding winding-up petitions issued against the Company,

the directors' intention to appoint administrators of the Company shall be carried out by one of the directors nominated at paragraph 1.4 above completing and making the statutory declaration on the NA, such appointment to take effect when the NA is filed with the court.

..............................................
Director

Rule 3.24, IR 2016
Paragraph 29, Schedule B1

# Notice of appointment of an administrator by the directors of a company (where a notice of intention to appoint has been given)

(a) Amend heading as applicable. (Rule 3.24(1).)

(aa) This notice is prepared for a company incorporated within England and Wales under the Companies Act 2006 or a previous Companies Act. If the company is incorporated outside the UK or is an unregistered company refer to rule 1.6 for identification requirements. (Rules 3.24(1)(a) and 1.6.)

(aaa) (Rule 1.29(b) and Rule 1.6)

(aaaa) (Rule 1.29.)

| | |
|---|---|
| Name of Company **Chiaro Technology Limited** | (aa) 28 May 2025 <br> 08502405 <br> 28 Mar 2025 |
| (aaa) IN THE HIGH COURT OF JUSTICE BUSINESS AND PROPERTY COURTS IN LEEDS INSOLVENCY AND COMPANIES LIST (ChD) | For court use only Court case number <br> CR-2025-LDS-000318 |

(aaaa) **This notice of appointment of an administrator is given in accordance with the requirements of rule 3.24 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and paragraph 29 of Schedule B1 to the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986.)  References in this notice of appointment to rules and sections are, unless expressly provided otherwise, respectively references to rules of the IR 2016, and to sections of the IA 1986.**

(b) Select applicable appointer (Rule 3.24(1)(b)).

(c) Insert names and addresses of person[s] appointed as administrator[s]. (Rule 3.24(1)(c).)

**1.** (b) The directors of the company (the appointer) hereby appoint the following persons as administrators of the company: (c) Lindsay Hallam, Matthew Boyd Callaghan and Oliver Wright of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD

and notice of this appointment is hereby given.

(d) Amend as applicable (rule 3.24(1)(d)).

(e) (Rule 3.24(1) (e).)

(f) (Rule 3.24(1)(f).)

**2.** (d) Copies of the administrators' consents to act accompany this notice.

**3.** (e) The appointer is entitled to make an appointment under paragraph 22 of Schedule B1.

**4.** (f) This appointment is in accordance with Schedule B1.

(g) Delete as applicable. An Article 1.2 undertaking is, broadly, one of the following: (a) an insurance undertaking; (b) a credit institution; (c) an investment undertaking providing services involving the holding of funds or securities for third parties; or (d) a collective investment undertaking. (Rules 3.24(1)(g) and 1.2.)

(h) Delete as applicable: the wording used will depend on the facts and on whether the changes to the IR 2016 made by the Insolvency (Amendment) (EU Exit) Regulations 2019 apply (Rules 3.24(1)(h) and 1.2).

**5.** The company (g) is not an Article 1.2 undertaking (as defined in rule 1.2).

**6.** The proceedings flowing from the appointment will be (h) COMI proceedings and the reasons for so stating are as follows:
(i) The company's registered office is located at 1 Brunswick Square, Bristol, England, BS2 8PE, has not moved from the United Kingdom to a Member State or to the United Kingdom from a Member State in the past three months and, therefore, in the absence of proof to the contrary, of which we are not aware, its centre of main interests is in the United Kingdom.

(i) Insert reasons for the statement (Rule 3.24(1)(h), including the details required by Rule 1.7.)

(j) Insert date of filing of notice of intention to appoint (Rule 3.24(1)(i)).

(k)/(kk) Select applicable paragraph. (Rule 3.24(1)(i).)

(m) Where there are two or more administrators appointed the notice is required to include a paragraph 100(2) Schedule B1 statement which should be amended as applicable. (Rule 3.24(2).) Prior to IR 2016 this statement was a separate document.

**7.** The appointer has given written notice of its intention to appoint in accordance with paragraph 26(1) of Schedule B1 and a copy of that notice was filed at court on (j) 27 March 2025 and (k) each person to whom the notice was given has consented to this appointment.

**8.** (m) For the purposes of paragraph 100(2) of Schedule B1, all functions and powers of the administrators may be exercised by all of the administrators jointly or by any administrator separately.

**9.** I, (n) Seth James Johnson, a director of the company, do solemnly and sincerely declare that the statements made and information given in this notice and the statements made and information given in the notice of intention to appoint are, and remain, to the best of my knowledge and belief, true and accurate,

**AND I make this solemn declaration conscientiously believing the same to be true and by virtue of the provisions of the Statutory Declarations Act 1835 and by video conference in accordance with paragraph 10 of the Temporary Insolvency Practice Direction Supporting the Insolvency Practice**

#204167385                                                                                          1

(n) Insert name of appointer or person making the declaration on behalf of the appointer (and in that case indicate capacity in which the statement is made e.g. solicitor, director). (Rule 3.24(4).)

Direction (also known as the Miscellaneous Insolvency Practice Direction 2021) which came into force on 1 October 2021 (MIPD 2021).

Declared by video conference between the declarant and the person authorised to administer the oath pursuant to paragraph 10.1 of MIPD 2021.

Signed

This    28th    day of    MARCH    2025

before me    ADIL JAHANGHIR    of WACKER MORRIS LLP    (SRA No. 725303 7)

A ~~Commissioner for Oaths or Notary Public or Justice of the Peace or~~ solicitor ~~or duly authorised officer.~~

I, ADIL JAHANGHIR    , the ~~Commissioner for Oaths or Notary Public or Justice of the Peace or~~ solicitor ~~or duly authorised officer~~ identified above hereby attest that the statutory declaration made in this notice was made by way of video conference by the declarant with me in accordance with paragraph 10.1 of MIPD 2021. I confirm that I was able to see and hear the declarant via video conference when he/she was signing this declaration and that there were no technical issues with the video conference.

(o) Court to insert date and time filing (Rule 3.26(3).)

Signed    A. Jahanghir

This    28    day of    MARCH    2025

(p) (Rule 3.24(1)(j)). The appointment takes effect at the time the requirements of paragraph 29 of Schedule B1 are satisfied. The filing of this notice, and the documents accompanying it, with the court is the final step required to satisfy such requirements. The date and time of the appointment is therefore the date and time that this notice is filed with the court (paragraph 31 of Schedule B1).

| Endorsement to be completed by the court | |
| --- | --- |
| This notice was filed (o) | 28 March 2025 at 2:22pm |

(p) The administrators' appointment takes effect from the date and time that this notice was filed with the court, as endorsed by the court above.

Rule 3.23, IR 2016
Paragraphs 26 and 27(2),
Schedule B1

# Notice of intention to appoint an administrator by company or directors



(a) This notice is prepared for a
company incorporated within
England and Wales under the
Companies Act 2006 or a previous
Companies Act. If the company is
incorporated outside the UK or is
an unregistered company refer to
rule 1.6 for identification
requirements (Rules 3.23(1)(a)
and 1.6.)

(aa) (Rule 3.23(1)(a).)

**Name of Company**
**Chiaro Technology Limited**

(a) Company registered number
08502405

27 Mar 2025

(aa) IN THE HIGH COURT OF JUSTICE
BUSINESS AND PROPERTY COURTS IN LEEDS
INSOLVENCY AND COMPANIES LIST (ChD)

Court use only

CR-2025-LDS-000318

(aaa) (Rule 1.29.)

(aaa) This notice of intention to appoint an administrator is given in accordance with the requirements of rule 3.23 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and paragraphs 26 and 27(2) of Schedule B1 to the Insolvency Act 1986 (respectively Schedule B1 and IA 1986). References in this notice to rules and sections are, unless expressly provided otherwise, respectively references to rules of the IR 2016 and to sections of the IA 1986.

(b) Select applicable appointer
(Rule 3.23(1)(b).)

(c) Give name(s) and address(es)
of proposed administrator(s)
(Rule 3.23(1)(c).)

1. (b) The directors of the company (the appointer) intend to appoint (c) Lindsay Hallam, Matthew Boyd Callaghan and Oliver Wright all of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD as administrators of the company.

(d) (Rule 3.23(1)(d) and (e).)

(dd) Insert name and address of
each person to whom notice is
given.

2. (d) This notice is being given in accordance with paragraph 26(1) of Schedule B1 to the following persons who are or may be entitled to appoint an administrative receiver of the company or an administrator of the company under paragraph 14 of Schedule B1.
(dd) HSBC UK Bank PLC of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ
HSBC Invoice Finance (UK) Limited of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ

(e) (Rule 3.23(1)(ea))

(f) (Rule 3.23(1)(f))

3. (e) A moratorium is not in force for the company under Part A1 of the IA 1986.

(ff) (Rule 3.23(1)(g).)

4. (f) The company has not within the last twelve months been in administration.

(g) Delete as applicable. An Article
1.2 undertaking is, broadly, one of
the following: (a) an insurance
undertaking; (b) a credit
institution, (c) an investment
undertaking; providing services
involving the holding of funds or
securities for third parties, or (d) a
collective investment
undertaking. (Rules 3.23(1)(h) and
1.2.)

5. (ff) In relation to the company there is no:
- petition for winding up which has been presented but not yet disposed of;
- administration application which has not yet been disposed of; or
- administrative receiver in office.

6. The company (g) is not an (g) Article 1.2 undertaking (as defined in rule 1.2).

(h) Delete as applicable: the
wording used will depend on the
facts and on whether the changes
to the IR 2016 made by the
Insolvency (Amendment) (EU Exit)
Regulations 2019 apply. (Rules
3.23(1)(i) and 1.2.)

(i) Insert reasons for the
statement. (Rule 3.23(1)(i))
including the details required by
Rule 1.2.

7. The proceedings flowing from the appointment will be (h) COMI proceedings and the reasons for so stating are as follows:
(i) The company's registered office is located at 1 Brunswick Square, Bristol, England, BS2 8PE, has not moved from the United Kingdom to a Member State or to the United Kingdom from a Member State in the past three months and, therefore, in the absence of proof to the contrary, of which we are not aware, its centre of main interests is in the United Kingdom.

(jj)(jj) Select (i) where the
company intends to make the
appointment and(jj) where the
directors intend to make the
appointment (Rules 3.23(1)(j) and
3.23(2).)

8. This notice is accompanied by (jj) a record of the decision of the directors to appoint an administrator.

(k) Insert name of person making
the appointment or person
making the declaration on behalf
of that person (and as that case
indicate capacity in which the
statement is made e.g. solicitor,
director.) (Rule 3.23(1)(k)(a) and

9. I, (k) Seth James Johnson, a director of the company, do solemnly and sincerely declare that:

(1) the company is or is likely to become unable to pay its debts
(2) the company is not in liquidation, and that
(3) the statements in paragraphs 4 and 5 are, so far as I am able to ascertain, true

#204167386

1

and that the information provided in this notice is, to the best of my knowledge and belief, true.

AND I make this solemn declaration conscientiously believing the same to be true and by virtue of the provisions of the Statutory Declarations Act 1835 and by video conference in accordance with paragraph 10 of the Temporary Insolvency Practice Direction Supporting the Insolvency Practice Direction (also known as the Miscellaneous Insolvency Practice Direction 2021) which came into force on 1 October 2021 (MIPD 2021).

Declared by video conference between the declarant and the person authorised to administer the oath pursuant to paragraph 10.1 of MIPD 2021.

Signed

This _27th_ day of _MARCH_ 2025

before me _JENNIFER MANN, WALKER MORRIS LLP_

A Commissioner for Oaths or Notary Public or Justice of the Peace or solicitor or duly authorised officer. _33 WELLINGTON STREET, LEEDS, LS1 4DL_

I, _JENNIFER MANN_ , the Commissioner for Oaths or Notary Public or Justice of the Peace or solicitor or duly authorised officer identified above hereby attest that the statutory declaration made in this notice was made by way of video conference by the declarant with me in accordance with paragraph 10.1 of MIPD 2021. I confirm that I was able to see and hear the declarant via video conference when he/she was signing this declaration and that there were no technical issues with the video conference.

Signed

This _27th_ day of _MARCH_ 2025

---

(I) **Consent of Floating Charge Holder to Appointment of Administrator**

If, having read this notice, you (being a person named in paragraph 2 of this notice) wish to consent in writing to the appointment contemplated by this notice you may do so, but after five business days have expired from delivery of the notice the appointer may make the appointment although you have not replied.

You can indicate your consent either by completing the details in the box below and returning a copy of this notice or by sending your written consent to the appointer at the following address:

(II) Lydia Demnitz-King, DLA Piper UK LLP, City Square House, 11 Wellington Street, Leeds, LS1 4DL or by email to lydia.demnitz-king@dlapiper.com

(III) HSBC UK Bank PLC of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ being the holder of the following floating charges over the company's property:

(IV) Debenture dated 16 July 2020 and delivered on 17 July 2020 (charge code 0850 2405 0007)

(I) Provision for the endorsement by the floating charge holder of their consent to the appointment is not required by rule 3.23 to be set out in the notice of intention to appoint but such a statement as is set out in the first paragraph here is required by rule 3.23(1)(k) The statement has been included as an endorsement as it accords with previous practice and the procedure and its inclusion may be considered convenient for the intended recipient.

(ii) The appointer to insert name and address

(iii) Include details of manner in which consent may be given. It is recommended that written consent, if not endorsed on the form, includes full details of the proposed appointment. Section 436B(1) permits written consent to be in electronic form.

(iv) Floating charge holder to insert name and address

(v) Insert details of the charge, date registered and (if any) financial limit)

#204167386

Debenture dated 21 December 2022 and delivered on 21 December 2022 (charge code 0850 2405 0008)

consents to the appointment of the administrators in accordance with the details of the above notice.

Signed                                  Dated
(If signing this on behalf of a firm or company state position or office held)

(m)      HSBC Invoice Finance (UK) Limited of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ being the holder of the following floating charge over the company's property:

(n) Floating charge dated 16 July 2020 and delivered on 16 July 2020 (charge code 0850 2405 0005)

consents to the appointment of the administrators in accordance with the details of the above notice.

                            RICHARD COMTHINE
Signed                    SECURITIES MANAGER Dated    28/3/2025
(If signing this on behalf of a firm or company state position or office held)

---

**Endorsement to be completed by the court**

This notice was filed (o)     27 March 2025 at 2:36pm

Rule 3.23, IR 2016
Paragraphs 26 and 27(2),
Schedule B1

# Notice of intention to appoint an administrator by company or directors



| Name of Company | (a) Company registered number |
| --- | --- |
| **Chiaro Technology Limited** | 08502405 |

| (aa) IN THE HIGH COURT OF JUSTICE<br>BUSINESS AND PROPERTY COURTS IN LEEDS<br>INSOLVENCY AND COMPANIES LIST (ChD) | For court use only<br>CR-2025-LDS-000318 |
| --- | --- |

(a) This notice is prepared for a company incorporated within England and Wales under the Companies Act 2006 or a previous Companies Act. If the company is incorporated outside the UK or is an unregistered company refer to rule 1.6 for identification requirements. (Rules 3.23(1)(a) and 1.6.)

(aa) (Rule 3.23(1)(a).)

(aaa) This notice of intention to appoint an administrator is given in accordance with the requirements of rule 3.23 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and paragraphs 26 and 27(2) of Schedule B1 to the Insolvency Act 1986 (respectively Schedule B1 and IA 1986). References in this notice to rules and sections are, unless expressly provided otherwise, respectively references to rules of the IR 2016 and to sections of the IA 1986.

(aaa) (Rule 1.29.)

**1. (b)** The directors of the company (the appointer) intend to appoint (c) Lindsay Hallam, Matthew Boyd Callaghan and Oliver Wright all of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD as administrators of the company.

(b) Select applicable appointer (Rule 3.23(1)(b).)

(c) Give name(s) and address(es) of proposed administrator(s) (Rule 3.23(1)(c).)

(d) (Rule 3.23(1)(d) and (e).)

**2. (d)** This notice is being given in accordance with paragraph 26(1) of Schedule B1 to the following persons who are or may be entitled to appoint an administrative receiver of the company or an administrator of the company under paragraph 14 of Schedule B1.
(dd) HSBC UK Bank PLC of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ
HSBC Invoice Finance (UK) Limited of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ

(dd) Insert name and address of each person to whom notice is given.

**3. (e)** A moratorium is not in force for the company under Part A1 of the IA 1986.

(e) (Rule 3.23(1)(ea)).

(f) (Rule 3.23(1)(f)).

**4. (f)** The company has not within the last twelve months been in administration.

(ff) (Rule 3.23(1)(g).)

**5. (ff)** In relation to the company there is no:
- petition for winding up which has been presented but not yet disposed of;
- administration application which has not yet been disposed of; or
- administrative receiver in office.

(g) Delete as applicable. An Article 1.2 undertaking is, broadly, one of the following: (a) an insurance undertaking; (b) a credit institution; (c) an investment undertaking providing services involving the holding of funds or securities for third parties; or (d) a collective investment undertaking. (Rules 3.23(1)(h) and 1.2.)

**6.** The company (g) is not an (g) Article 1.2 undertaking (as defined in rule 1.2).

**7.** The proceedings flowing from the appointment will be (h) COMI proceedings and the reasons for so stating are as follows:
(i) The company's registered office is located at 1 Brunswick Square, Bristol, England, BS2 8PE, has not moved from the United Kingdom to a Member State or to the United Kingdom from a Member State in the past three months and, therefore, in the absence of proof to the contrary, of which we are not aware, its centre of main interests is in the United Kingdom.

(h) Delete as applicable: the wording used will depend on the facts and on whether the changes to the IR 2016 made by the Insolvency (Amendment) (EU Exit) Regulations 2019 apply. (Rules 3.23(1)(i) and 1.2.)

(i) Insert reasons for the statement, (Rule 3.23(1)(i)) including the details required by Rule 1.7.

**8.** This notice is accompanied by (jj) a record of the decision of the directors to appoint an administrator.

(j)/(jj) Select (j) where the company intends to make the appointment and(jj) where the directors intend to make the appointment. (Rules 3.23(1)(j) and 3.23(2).)

**9.** I, (k) Seth James Johnson, a director of the company, do solemnly and sincerely declare that:

(k) Insert name of person making the appointment or person making the declaration on behalf of that person (and in that case indicate capacity in which the statement is made e.g. solicitor, director.) (Rule 3.23(6)(a) and

  (1) the company is or is likely to become unable to pay its debts
  (2) the company is not in liquidation, and that
  (3) the statements in paragraphs 4 and 5 are, so far as I am able to ascertain, true

#204167386

1

and that the information provided in this notice is, to the best of my knowledge and belief, true,

AND I make this solemn declaration conscientiously believing the same to be true and by virtue of the provisions of the Statutory Declarations Act 1835 and by video conference in accordance with paragraph 10 of the Temporary Insolvency Practice Direction Supporting the Insolvency Practice Direction (also known as the Miscellaneous Insolvency Practice Direction 2021) which came into force on 1 October 2021 (MIPD 2021).

Declared by video conference between the declarant and the person authorised to administer the oath pursuant to paragraph 10.1 of MIPD 2021.

Signed

This        27th        day of        MARCH        2025

before me        JENNIFER MANN, WALKER MORRIS LLP

~~A Commissioner for Oaths or Notary Public or Justice of the Peace or solicitor or duly authorised officer.~~        33 WELLINGTON STREET, LEEDS, LS1 4DL

I,  JENNIFER MANN , the Commissioner for Oaths or Notary Public or Justice of the Peace or solicitor or duly authorised officer identified above hereby attest that the statutory declaration made in this notice was made by way of video conference by the declarant with me in accordance with paragraph 10.1 of MIPD 2021. I confirm that I was able to see and hear the declarant via video conference when he/she was signing this declaration and that there were no technical issues with the video conference.

Signed

This        27th        day of        MARCH        2025

------------------------------------------------------------

---

**(I) Consent of Floating Charge Holder to Appointment of Administrator**

If, having read this notice, you (being a person named in paragraph 2 of this notice) wish to consent in writing to the appointment contemplated by this notice you may do so, but after five business days have expired from delivery of the notice the appointer may make the appointment although you have not replied.

You can indicate your consent either by completing the details in the box below and returning a copy of this notice or by sending your written consent to the appointer at the following address:

**(II)** Lydia Demnitz-King, DLA Piper UK LLP, City Square House, 11 Wellington Street, Leeds, LS1 4DL or by email to lydia.demnitz-king@dlapiper.com

---

**(m)**        HSBC UK Bank PLC of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ being the holder of the following floating charges over the company's property:

**(n)** Debenture dated 16 July 2020 and delivered on 17 July 2020 (charge code 0850 2405 0007)

---

(I) Provision for the endorsement by the floating charge holder of their consent to the appointment is not required by rule 3.23 to be set out in the notice of intention to appoint but such a statement as is set out in the first paragraph here is required by rule 3.23(1)(k). The statement has been included as an endorsement as it accords with previous practice and the procedure and its inclusion may be considered convenient for the intended recipient.

(II) The appointer to insert name and address.

(III) Include details of manner in which consent may be given. It is recommended that written consent, if not endorsed on the form, includes full details of the proposed appointment. Section 436B(1) permits written consent to be in electronic form.

(m) Floating charge holder to insert name and address.

(n) Insert details of the charge, date registered and (if any) financial limit.

Debenture dated 21 December 2022 and delivered on 21 December 2022 (charge code 0850 2405 0008)

consents to the appointment of the administrators in accordance with the details of the above notice.

Director    Andrew Saveall

Signed                                    Dated    27 March 2025
(If signing this on behalf of a firm or company state position or office held)

(m)    HSBC Invoice Finance (UK) Limited of 1 Centenary Square, Birmingham, United Kingdom, B1 1HQ being the holder of the following floating charge over the company's property:

(n) Floating charge dated 16 July 2020 and delivered on 16 July 2020 (charge code 0850 2405 0005)

consents to the appointment of the administrators in accordance with the details of the above notice.

Signed                                    Dated
(If signing this on behalf of a firm or company state position or office held)

---

**Endorsement to be completed by the court**

This notice was filed (o)    27 March 2025 at 2:36pm

**Rule 3.2, IR 2016**

# Proposed administrator's statement and consent to act

(a) This statement is prepared for a company incorporated in England and Wales under the Companies Act 2006 or any previous Companies Act. If the company is incorporated outside the UK or is an unregistered company refer to rule 1.6 for identification requirements. (Rules 3.2(1)(a) and 1.6.)

(aa) This information is not required but is included for convenience of the intended recipients and this addition may be considered immaterial but permitted. (Rule 1.9.)

(b) Insert name of proposed administrator and amend to indicate if more than one appointee is proposed. Note a separate statement and consent to act is required of each administrator where a number of persons are proposed to be appointed to act jointly or concurrently. (Rules 3.2(1)(b) and 3.2(3).)

(c) Insert IP number. (Rule 3.2(1)(c).)

(d) Insert details of applicable RPB. (Rule 3.2(1)(d).)

(e) (Rule 3.2(1)(e).)

(f) Delete as applicable.

(ff) Delete/complete as applicable. This was formerly referenced as an attachment to Form 2.2B but the rules now envisage that the details are included within the notice. (Rule 3.2(1)(f).)

(g) Insert name of person by whom the appointment is to be made if made out of court and delete remainder. Insert the applicant's name if it is a court application and retain the remainder. (Rule 3.2(1)(g).)

(h) (Rule 3.2(1)(h))

(i) (Rules 3.2(2) and 1.5.)

| Name of Company<br>**Chiaro Technology Limited** | (a) Company registered number<br>**08502405** |
|---|---|

| IN THE HIGH COURT OF JUSTICE<br>BUSINESS AND PROPERTY COURTS IN LEEDS<br>INSOLVENCY AND COMPANIES LIST (ChD) | *For court use only*<br>Court case number |
|---|---|

(aa) **This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.**

**1.** I (b) Lindsay Hallam of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My IP number is as follows:

(c) 28672

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

(d) Institute of Chartered Accountants in England and Wales.

**2.** (e) I consent to act as administrator of the company.

**3.** I (f) have had a prior professional relationship with the company.

(ff) I attach to this Statement a short summary of any prior professional relationship(s) with the company.

**4.** The proposed appointment is to be made by (g) Seth James Johnson, Simon Paul King and Karim Abdel-Ghaffar Plaza, the directors of the company.

**5.** (h) I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

(i) Authenticated and dated by the proposed administrator

_____

Dated: 27 March 2025

204167388                                                                                                          1

**Proposed Administration of Chiaro Technology Limited (No. 08502405) ("the Company")**
**Statement of Prior Professional Relationship**

This statement sets out the details of the relationship summarised at paragraph (ff) of the proposed administrator's statement and consent to act, to which it is attached, and it is provided for the purpose of the rule 3.2(1)(f) of the Insolvency (England and Wales) Rules 2016.

I, Lindsay Hallam (licenced insolvency practitioner authorised by the institute of Chartered Accountants in England and Wales, (IP No. 28672) of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD ("FTI", "we", "us") confirm that through my association with FTI, I have had prior professional relationships with the Company and/or its direct subsidiary companies (collectively, the "**Group**").

I have summarised below the prior professional relationships held by myself, as proposed appointee and/or FTI with the Company over which my appointment as joint administrator ("Joint Administrator") is to be made, and/or with the Group:

1. **December 2024**: I, Lindsay Hallam (of FTI) was first introduced to the Company's Board of Directors (the "Board") by Business Growth Fund, a member of the Company, on 9 December 2024 in a competitive pitch alongside other financial advisors. The first meeting with management and the Board took place later that same day, to discuss and assist in the financial affairs of the Company.

2. **From 16 December 2024**; FTI Financial Services Limited (led by myself) was engaged by the Company pursuant to an engagement letter dated 16 December 2024, to provide advisory services to the Group. FTI's initial engagement scope was to prepare and commence a merger and acquisition process for the Group, alongside advice on the Company's short-term cashflow management, general stakeholder management and advice to the Board.

3. **From 16 December 2024 to 30 January 2025**; FTI Financial Services Limited continued to work, under the same letter of engagement referred to above, to aid the Group's sales process. On 30 January 2025, it became apparent that no solvent offers were forthcoming, we advised the Company and its lenders in our capacity as prospective administrators. FTI Financial Services Limited's work included the provision of advice and liaising with relevant financial stakeholders.

- **From February 2025**; on 11 February 2025, FTI Consulting LLP were engaged by the Company, under an addendum to the engagement letter (referred to at paragraph 2 above), which was dated 7 February 2025. The addendum included an additional scope of work covering insolvency contingency planning, in the event there were no prospective buyers for the business, or a buyer wanted to transact a sale through a prepackaged administration.

- **From 19 March 2025 –** on 19 March 2025, FTI issued a further addendum to the engagement letter, which included an expended scope of work to provide the Company with detailed contingency planning in anticipation of an insolvency appointment. This addendum was approved by the Company on 26 March 2025.

As proposed Joint Administrator of the Company, I confirm that I have fully considered the relevant guide to professional conduct and ethics, issued by my regulatory body, and am satisfied that the existence of this prior professional relationship does not create any conflict of interest or threat to independence of the proposed office holders and consider myself able to accept this appointment.

Signed

Lindsay Hallam
Dated: 27 March 2025

Rule 3.2, IR 2016

# Proposed administrator's statement and consent to act

| | |
|---|---|
| Name of Company<br>**Chiaro Technology Limited** | (a) Company registered number<br>**08502405** |
| IN THE HIGH COURT OF JUSTICE<br>BUSINESS AND PROPERTY COURTS IN LEEDS<br>INSOLVENCY AND COMPANIES LIST (ChD) | *For court use only*<br>Court case number |

(a) This statement is prepared for a company incorporated in England and Wales under the Companies Act 2006 or any previous Companies Act. If the company is incorporated outside the UK or is an unregistered company refer to rule 1.6 for identification requirements. (Rules 3.2(1)(a) and 1.6.)

(aa) This information is not required but is included for convenience of the intended recipients and this addition may be considered immaterial but permitted. (Rule 1.9.)

(b) Insert name of proposed administrator and amend to indicate if more than one appointee is proposed. Note a separate statement and consent to act is required of each administrator where a number of persons are proposed to be appointed to act jointly or concurrently. (Rules 3.2(1)(b) and 3.2(3).)

(c) Insert IP number. (Rule 3.2(1)(c).)

(d) Insert details of applicable RPB. (Rule 3.2(1)(d).)

(e) (Rule 3.2(1)(e).)

(f) Delete as applicable.

(ff) Delete/complete as applicable. This was formerly referenced as an attachment to Form 2.2B but the rules now envisage that the details are included within the notice. (Rule 3.2(1)(f).)

(g) Insert name of person by whom the appointment is to be made if made out of court and delete remainder. Insert the applicant's name if it is a court application and retain the remainder. (Rule 3.2(1)(g).)

(h) (Rule 3.2(1)(h))

(i) (Rules 3.2(2) and 1.5.)

(aa) **This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.**

**1.** I (b) Matthew Boyd Callaghan of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My IP number is as follows:

(c) 14630

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

(d) Institute of Chartered Accountants in England and Wales.

**2.** (e) I consent to act as administrator of the company.

**3.** I (f) have had a prior professional relationship with the company.

(ff) I attach to this Statement a short summary of any prior professional relationship(s) with the company.

**4.** The proposed appointment is to be made by (g) Seth James Johnson, Simon Paul King and Karim Abdel-Ghaffar Plaza, the directors of the company.

**5.** (h) I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

(i) Authenticated and dated by the proposed administrator

_____

Dated: 27/03/2025

**Proposed Administration of Chiaro Technology Limited (No. 08502405) ("the Company")**
**Statement of Prior Professional Relationship**

This statement sets out the details of the relationship summarised at paragraph (ff) of the proposed administrator's statement and consent to act, to which it is attached, and it is provided for the purpose of the rule 3.2(1)(f) of the Insolvency (England and Wales) Rules 2016.

I, Matthew Boyd Callaghan (licenced insolvency practitioner authorised by the institute of Chartered Accountants in England and Wales, (IP No. 14630) of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD ("FTI", "we", "us") confirm that through my association with FTI, I have had prior professional relationships with the Company and/or its direct subsidiary companies (collectively, the "**Group**").

I have summarised below the prior professional relationships held by myself, as proposed appointee and/or FTI with the Company over which my appointment as joint administrator ("Joint Administrator") is to be made, and/or with the Group:

1. **December 2024**: Lindsay Hallam (of FTI) was first introduced to the Company's Board of Directors (the "Board") by Business Growth Fund, a member of the Company, on 9 December 2024 in a competitive pitch alongside other financial advisors. The first meeting with management and the Board took place later that same day, to discuss and assist in the financial affairs of the Company.

2. **From 16 December 2024**; FTI Financial Services Limited (led by Lindsay Hallam and I) was engaged by the Company pursuant to an engagement letter dated 16 December 2024, to provide advisory services to the Group. FTI's initial engagement scope was to prepare and commence a merger and acquisition process for the Group, alongside advice on the Company's short-term cashflow management, general stakeholder management and advice to the Board.

3. **From 16 December 2024 to 30 January 2025**; FTI Financial Services Limited continued to work, under the same letter of engagement referred to above, to aid the Group's sales process. On 30 January 2025, it became apparent that no solvent offers were forthcoming, we advised the Company and its lenders in our capacity as prospective administrators. FTI Financial Services Limited's work included the provision of advice and liaising with relevant financial stakeholders.

- **From February 2025**; on 11 February 2025, FTI Consulting LLP were engaged by the Company, under an addendum to the engagement letter (referred to at paragraph 2 above), which was dated 7 February 2025. The addendum included an additional scope of work covering insolvency contingency planning, in the event there were no prospective buyers for the business, or a buyer wanted to transact a sale through a prepackaged administration.

- **From 19 March 2025** – on 19 March 2025, FTI issued a further addendum to the engagement letter, which included an expended scope of work to provide the Company with detailed contingency planning in anticipation of an insolvency appointment. This addendum was approved by the Company on 26 March 2025.

As proposed Joint Administrator of the Company, I confirm that I have fully considered the relevant guide to professional conduct and ethics, issued by my regulatory body, and am satisfied that the existence of this prior professional relationship does not create any conflict of interest or threat to independence of the proposed office holders and consider myself able to accept this appointment.

Signed…………………………

Matthew Boyd Callaghan
Dated: 27 March 2025

Rule 3.2, IR 2016

# Proposed administrator's statement and consent to act

(a) This statement is prepared for a company incorporated in England and Wales under the Companies Act 2006 or any previous Companies Act. If the company is incorporated outside the UK or is an unregistered company refer to rule 1.6 for identification requirements. (Rules 3.2(1)(a) and 1.6.)

(aa) This information is not required but is included for convenience of the intended recipients and this addition may be considered immaterial but permitted. (Rule 1.9.)

(b) Insert name of proposed administrator and amend to indicate if more than one appointee is proposed. Note a separate statement and consent to act is required of each administrator where a number of persons are proposed to be appointed to act jointly or concurrently. (Rules 3.2(1)(b) and 3.2(3).)

(c) Insert IP number. (Rule 3.2(1)(c).)

(d) Insert details of applicable RPB. (Rule 3.2(1)(d).)

(e) (Rule 3.2(1)(e).)

(f) Delete as applicable.

(ff) Delete/complete as applicable. This was formerly referenced as an attachment to Form 2.2B but the rules now envisage that the details are included within the notice. (Rule 3.2(1)(f).)

(g) Insert name of person by whom the appointment is to be made if made out of court and delete remainder. Insert the applicant's name if it is a court application and retain the remainder. (Rule 3.2(1)(g).)

(h) (Rule 3.2(1)(h))

(i) (Rules 3.2(2) and 1.5.)

| Name of Company | (a) Company registered number |
|---|---|
| **Chiaro Technology Limited** | **08502405** |

| IN THE HIGH COURT OF JUSTICE<br>BUSINESS AND PROPERTY COURTS IN LEEDS<br>INSOLVENCY AND COMPANIES LIST (ChD) | *For court use only*<br>Court case number |

(aa) **This statement and consent to act is made in accordance with the requirements of rule 3.2 of the Insolvency (England and Wales) Rules 2016 (IR 2016) and Schedule B1 of the Insolvency Act 1986 (respectively, Schedule B1 and IA 1986). References in this statement to rules are, unless expressly provided otherwise, references to rules of the IR 2016.**

**1.** I (b) Oliver Wright of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD, one of the proposed administrators, certify that I am qualified to act as an insolvency practitioner in relation to the company. My IP number is as follows:

(c) 26012

The recognised professional body which is the source of my authorisation to act as an insolvency practitioner in relation to the company is as follows:

(d) Institute of Chartered Accountants in England and Wales.

**2.** (e) I consent to act as administrator of the company.

**3.** I (f) have had no prior professional relationship with the company.

**4.** The proposed appointment is to be made by (g) Seth James Johnson, Simon Paul King and Karim Abdel-Ghaffar Plaza, the directors of the company.

**5.** (h) I am of the opinion that the purpose of administration is reasonably likely to be achieved in this particular case.

(i) Authenticated and dated by the proposed administrator

_____

Dated    27/3/25

**Proposed Administration of Chiaro Technology Limited (No. 08502405) ("the Company")**
**Statement of Prior Professional Relationship**

This statement sets out the details of the relationship summarised at paragraph <mark>(f)</mark> of the proposed administrator's statement and consent to act, to which it is attached, and it is provided for the purpose of the rule 3.2(1)(f) of the Insolvency (England and Wales) Rules 2016.

I, Oliver Wright (licenced insolvency practitioner authorised by the institute of Chartered Accountants in England and Wales, (IP No. 26012) of FTI Consulting LLP, 200 Aldersgate, Aldersgate Street, London, EC1A 4HD ("FTI", "we", "us") confirm that I have had no prior professional relationships with the Company and/or its direct subsidiary companies (collectively, the "**Group**").

As proposed Joint Administrator of the Company, I confirm that I have fully considered the relevant guide to professional conduct and ethics issued by my regulatory body and consider myself able to accept this appointment.

Signed...............................................

Oliver Wright
Dated: 27 March 2025

**<u>Exhibit B</u>**

**List Pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| CHIARO TECHNOLOGY LIMITED (in Administration),[1] | Case No. 25-_____ (___) |
| Debtor in a Foreign Proceeding. | |

## LIST PURSUANT TO RULE 1007(a)(4) OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Lindsay Hallam, Matthew Boyd Callaghan, and Oliver Wright of FTI Consulting LLP, in their capacity as the duly authorized joint administrators (the "Foreign Representatives) of Chiaro Technology Limited (in Administration) (the "Foreign Debtor"), a debtor in administration under English law (the "English Proceeding") under the Insolvency Act 1986 (the "Insolvency Act"), sealed and endorsed by the High Court of Justice, Business and Property Courts in Leeds, Insolvency and Companies List, by their undersigned counsel, hereby make the following statements required by section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

### I.    Statement required by section 1515(c) of the Bankruptcy Code

The Foreign Representatives are duly appointed joint administrators of the Foreign Debtor under the Insolvency Act.  The Foreign Representatives believe that other than the English Proceeding, there are no foreign proceedings pending with respect to the Foreign Debtor.

---

[1]    The Foreign Debtor's mailing address and principal place of business is 1 Brunswick Square, Bristol, England BS2 8PE.

The Foreign Representatives' mailing address is:

FTI Consulting LLP
Lindsay Hallam
Matthew Boyd Callaghan
Oliver Wright
200 Aldersgate,
Aldersgate Street,
London, EC1A 4HD

## II. All parties to litigation pending in the United States in which the Foreign Debtor is a party at the time of filing of the chapter 15 petition

The Foreign Debtor is a named party in the following litigation proceedings pending in the

United States:

   i.   *Shenzhen Root Tech. Co., Ltd. et al. v. Chiaro Tech., Ltd.*, 2:23-cv-00631 (W.D. Wash.) (the "<u>Washington Litigation</u>"); and

   ii.  *Willow Innovations, Inc. v. Chiaro Tech., Ltd.,* 2:23-CV-00229 (E.D. Tex.) (the "<u>Texas Litigation</u>").

| Washington Litigation | |
| --- | --- |
| **Party** | **Notice Address** |
| • Shenzhen Root Technology Co., Ltd. (*aka* Shenzhen Lutejiacheng Network Technology Co., Ltd.), <br>• Hong Kong Lute Technology Co., Limited, <br>• Shenzhen Conglin e-Commerce Co., Ltd., <br>• Shenzhen Root E-Commerce Co., Ltd., <br>• Shenzhen Jinruihang Technology Co., Ltd., and <br>• Shenzhen Xitao Network Technology Co., Ltd. <br><br>*Plaintiffs/Counterclaim Defendants* | Carl Bruce <br>Bruce@fr.com <br>FISH & RICHARDSON PC (DALLAS) <br>1717 Main St Ste 5000 <br>Dallas, TX 75201 <br>Tel: 214-747-5070 <br>Fax: 214-747-2091 <br><br>Kelly Del Dotto <br>Allenspach.Del.Dotto@fr.com <br>FISH & RICHARDSON PC (DE) <br>222 Delaware Ave 17th Floor <br>Wilmington, DE 19801 <br>Tel: 302-652-5070 <br>Fax: 302-652-0607 <br><br>Matthew Colvin <br>Colvin@fr.com <br>FISH & RICHARDSON PC (DALLAS) <br>1717 Main St Ste 5000 |

2

| | |
|---|---|
| | Dallas, TX 75201<br>Tel: 214-747-5070<br>Fax: 214-747-2091<br><br>Jeremy E Roller<br>Jroller@aretelaw.com<br>ARETE LAW GROUP PLLC<br>600 University St Ste 2420<br>Seattle, WA 98101<br>Tel: 206-428-3250 |
| • Shenzhen TPH Technology Co., Ltd. ("TPH")<br><br>*Counterclaim Defendant* | Yan Song<br>regina@aeonlaw.com<br>AEON LAW<br>1718 E. Olive Way<br>Seattle, WA 98102<br>Tel: (206) 271-2200<br><br>Philip P. Mann<br>phil@mannlawgroup.com<br>MANN LAW GROUP PLLC<br>403 Madison Avenue N., Suite 240<br>Bainbridge Island, WA 98110<br>Tel: (206) 436-0900<br><br>Elliot C. Mendelson<br>emendelson@analectslegal.com<br>Tel: (312) 375-7844<br>Yichen Cao<br>ycao@analectslegal.com<br>Tel: (630) 386-5514<br>ANALECTS LEGAL LLC<br>1212 S Naper Boulevard, Suite 119, PMB 238<br>Naperville, IL 60540 |

| Texas Litigation | |
|---|---|
| **Party** | **Notice Address** |
| • Willow Innovations, Inc.<br><br>*Plaintiff* | Timothy S. Durst<br>tdurst@omm.com<br>Cason Garrett Cole<br>ccole@omm.com<br>O'MELVENY & MYERS LLP<br>2801 North Harwood Street, Suite 1600<br>Dallas, TX 75201<br>Telephone: (972) 360-1900<br>Facsimile: (972) 360-1901<br><br>Robert F. Shaffer<br>rshaffer@omm.com<br>Jason Fountain<br>jfountain@omm.com<br>Miao Liu<br>mliu@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye St., NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414<br><br>Laura Burson<br>lburson@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope St<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |

**III.    Entities against whom provisional relief is sought under section 1519 of the Bankruptcy Code**

The Foreign Representatives seek provisional relief with respect to each of the parties to the Washington Litigation.

IV.    **Corporate ownership statement under rules 1007(a) and 7007 of the Federal Rules of Bankruptcy Procedure**

The Foreign Representatives submit that no parent corporation or publicly held corporation owns 10% or more of the equity interests in the Foreign Debtor.

[*Remainder of page intentionally left blank*]

5

<table>
<tr><td style="background:black;color:white">Fill in this information to identify the case and this filing:</td></tr>
</table>

Debtor Name ___Chiaro Technology Limited (in Administration)_____

United States Bankruptcy Court for the:_____District of Delaware_____
                                                        (State)

Case number (*If known*):_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration*  Rule 1007(a)(4) Statement and Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/11/2025_____
         MM / DD / YYYY

                          ✗ _/s/ Lindsay Hallam_____
                          Signature of individual signing on behalf of debtor

                          Lindsay Hallam_____
                          Printed name

                          Joint Administrator of Chiaro Technology Limited (in Administration)_
                          Position or relationship to debtor